Law Office of Kellan Patterson
Kellan Patterson SBN 307190
P.O. BOX 5042
Sacramento, CA 95817
P: (916) 905-4464
F: (916) 271-2742
Email: info@kellanpatterson.com
Attorney for LASONJA PORTER

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LASONJA PORTER,<br><br>      Plaintiff,<br><br>      v.<br><br>SEARGENT MUNOZ in his individual capacity, DOES 1-10 in their individual capacities, CITY OF DAVIS POLICE DEPARTMENT, CITY OF DAVIS,<br><br>      Defendants. | No.  cv-16-885<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>1. Violation of 42 U.S.C. § 1983 (Fourteenth Amendments Unreasonable Force)<br><br>2. Violation of 42 U.S.C. § 1983 (Fourth and Fourteenth Amendments Unreasonable Search)<br><br>3. Violation of the California Government Claims Act, Physical Injury<br><br>4. Violation of the California Government Claims Act, Constitutional Rights Deprivation<br><br>5. Negligent Infliction of Emotional Distress<br><br>6. Intentional Infliction of Emotional Distress<br><br>**DEMAND FOR JURY TRIAL** |

1

## SUMMARY OF THE CASE

The plaintiff, LASONJA PORTER, individually brings this action against all defendants pursuant to 42 U.S.C. § 1983 and § 1988, along with supplemental state claims, to redress the deprivation under color of laws of plaintiff's rights, privileges, and immunities secured by the Constitution of the United States. Plaintiff seeks money damages to redress and remedy the deprivation of her constitutional, statutory and common law rights. Plaintiff also seeks an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988.

### Jurisdiction

This action arises under a federal statute, 42 U.S.C. §§ 1983 and 1988. LASONJA PORTER is a resident of Davis, California. During her residence, Ms. PORTER was physically injured by Sergeant Munoz, had her property illegally searched by at least five (5) officers of the Davis Police Department and had personal property damaged. Ms. PORTER suffered and continually suffers from the bodily injuries and emotion distress caused by DEFENDANTS' actions. DEFENDANTS' conduct violated Ms. PORTER'S constitutional rights to be free from unreasonable searches and seizures.

### Venue

Venue is proper in the Eastern District because a substantial part of the events or omissions giving rise to the claim occurred in this District. The injury took place at an apartment complex located at 1800 Moore Blvd., located in Davis, California. The defendant-officers are employed by the City of Davis Police Department, located in Davis, California.

### Parties

Plaintiff LASONJA PORTER (hereinafter referred to as "Porter") a United States citizen and an African America female, at the time of the violation of his Fourth and Fourteenth Amendment rights, was a resident of Davis, California. She is still currently living in Davis, California.

Defendant CITY OF DAVIS POLICE DEPARTMENT ("DPD") is a lawfully organized law enforcement organization acting at the behest and authority of the City of Davis. Plaintiff is informed and believes and thereon alleges that Defendant DPD was the employer of SERGEANT

Plaintiff's Complaint                                             2

MUNOZ AND DOE Defendants.

Defendant SERGEANT MUNOZ, is a sergeant ranked police officer, employed at the City of Davis Police Department

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

On February 26, 2016, Ms. PORTER was at her home located at 1800 Moore Blvd., Apt. 182 Davis, California.  There was a knock on the door. Ms. PORTER answered the door. She was informed that it was Davis Police Department and that they wanted to conduct a probation search. Ms. PORTER's son Cairo was on probation. She immediately informed the officers that she needed to get dress to put suitable clothes on. She also informed the officers that it may take some time because her shoulder was injured and her shoulder mobility was limited.

As Ms. PORTER was getting dressed, her anxiety level began to rise. Law enforcement officers from Davis Police Department have never conducted a probation search on Cairo. Only probation officers have conducted probation searches on Cairo. Additionally, Ms. PORTER recognized that SERGEANT MUNOZ was one of the many officers that were at her front door. Ms. PORTER is afraid of SERGEANT MUNOZ because of past incidents with SERGEANT MUNOZ.

Back in late 2005 or early 2006, SERGEANT MUNOZ was responsible for conducting a warrant search on Ms. PORTER'S home when investigating her husband for suspicion of identity theft. During the search of her home, Ms. PORTER felt violated because SERGEANT MUNOZ and other officers had located private and sexually explicit photos of Ms. Porter and her husband and had spread them across the bed as if the photos were useful in their investigation. Furthermore, no evidence of identity fraud was found during the search.

Another incident between SERGEANT MUNOZ and Ms. PORTER occurred in 2014. SERGEANT MUNOZ saw defendant husband riding a motorcycle. SEAGEANT MUNOZ believed that the motorcycle was stolen. By the time SERGEANT MUNOZ arrived to Ms. PORTERS's home, the motorcycle was parked outside of the garage and Ms. PORTER's husband was off making errands. Ms. PORTER noticed that Officers were outside of her home expecting the motorcycle. She went outside to see what was going on. SERGEANT MUNOZ explained to

Plaintiff's Complaint                                    3

her that he believed the motorcycle to be stolen. MS. PORTER attempted to go back inside her home but SERGEANT MUNOZ prevented her to do so. He explained that there might be evidence in her home that could be used to show that the motorcycle was stolen. Ms. PORTER asked if she could at least go back inside to put on a bra if she would have to wait outside for an undeterminable period of time. SERGEANT MUNOZ explained that she could only if he escorted her. SERGEANT MUNOZ escorted Ms. PORTER to her bedroom so that she could put a bra on. He remained in the room as she did so.

SERGEANT MUNOZ obtained a warrant and he, along with other officers, searched Ms. PORTER's home. No evidence showing that the motorcycle was stolen was found. Officer did remain in Ms. PORTER's home for a lengthy period of time. They were waiting on Ms. PORTER'S husband to return home so that they could arrest him. During the wait, Officers brought dinner to Ms. PORTER'S home and ate their dinners in Ms. PORTER'S kitchen. The motorcycle theft case went to trial and Ms. PORTER's husband was found not guilty.

As Ms. PORTER was returning to the door, she was anxious as to what would transpire because every time SERGEANT MUNOZ has been in her home she was either disrespected or humiliated by his conduct and the conduct of officers under his leadership.

As she opened the door, SERGEANT MUNOZ immediately entered the apartment with several unknown officers and said, "It's a probation search Lasonja."

Ms. PORTER informed the officers that she had an injured shoulder and it was very tender.

Amongst other things, she also is taking prescribed medication for high blood pressure.

Feeling overwhelmed by the activity, Ms. PORTER attempted to head to her bedroom to retrieve her medication. As she was walking and without saying anything, SERGEANT MUNOZ grabbed and tugged on her injured left shoulder. The pain was unbearable, placing her into an extreme state of anxiety.

SERGEANT MUNOZ then asked Ms. PORTER where Cairo was. She told SERGEANT MUNOZ that he wasn't at home.

SERGEANT MUNOZ then asked which room belonged to Cairo. Ms. PORTER

responded that Cairo bedroom was the second room from the entrance. As SEARGENT MUNOZ proceeded through the hall, two officers blocked the hall. SEARGENT MUNZO, over Ms. Porter's objection proceeded to search the other bedrooms.

After searching the other bedrooms, SERGEANT MUNOZ finally searched Cairo's room. As he and other officer's were searching Cairo's room, Cairo returned home with his grandmother.

SERGEANT MUNOZ, learning that Cairo had just returned home, abandoned the probation search and confronted Cairo. Cairo was never placed in handcuffs nor was his person or personal effects searched.

SERGEANT MUNOZ immediately told Cairo that he was looking for a person named Julio. That Julio's mother was concerned because he hadn't been home. Cairo told SERGEANT MUNOZ that he hadn't seen him in years because his probation terms prohibited such contact.

SERGEANT MUNOZ and the other officers then left the apartment.

No officers offered medical assistance or attempted to obtain medical assistance for Ms. PORTER.

Ms. PORTER immediately filed a complaint with the Davis City Managers Office, alleging in great detail the incident that had just transpired. After an investigation was completed by the Yolo County Public Agency Risk Management Insurance Authority, Ms. PORTER's claim was denied on July 8, 2016.

Additionally, Ms. PORTER promptly sought medical attention to her injured left shoulder.

**FIRST CAUSE OF ACTION**

**[Violation of 42 U.S.C. § 1983: under the Fourteenth Amendment of the United States Constitution Substantive Due Process Clause for Unreasonable Force, Against Defendant SERGEANT MUNOZ]**

PLAINTIFF re-alleges and incorporate each and every allegation of each and every paragraph above as though fully set forth herein.

Defendant SERGEANT MUNOZ, acting under color of state law used improper,

Plaintiff's Complaint                                                                              5

unjustifiable and unreasonable force against Ms. PORTER. Defendant SERGEANT MUNOZ had no legal justification for intentionally using unjustified force to restrict Ms. PORTER's movement. Ms. Porter was not the subject of the search, was not being arrested and was not being detained.

The use of excessive force by Defendant SERGEANT MUNOZ, acting under color of state law resulted in the bodily injury sustained by Ms. PORTER. The use of force was improper, unjustified and unreasonable because, at the time Ms. PORTER was forcibly grabbed, she posed no threat of harm to SERGEANT MUNOZ, other officers or anyone else. At the time Ms. PORTER was forcibly grabbed, she was unarmed.

Defendant SERGEANT MUNOZ acted in reckless and callous disregard for the constitutional rights of Ms. PORTER. His wrongful acts were willful, oppressive, fraudulent and malicious.

The unreasonable use of force causing the constitutional deprivation and injury to Ms. PORTER legally, proximately, foreseeably and actually caused PLAINTIFF to directly be a "party injured" by the constitutional violations to Ms. PORTER within the meaning of section 1983.

The unreasonable use of force causing the constitutional deprivation and injury to Ms. PORTER legally, proximately, foreseeably and actually caused PLAINTIFF to suffer damages according to proof at the time of trial. Those damages are both economic and non-economic and include emotional distress and pain and suffering. Plaintiff is also entitled to attorney fees and costs of suit herein pursuant Title 42, section 1983, et seq. of the United States Code.

## SECOND CAUSE OF ACTION

**[Violation of 42 U.S.C. § 1983: Under the Fourth and Fourteenth Amendments of United States Constitution for Unreasonable Search, Against Defendants SERGEANT MUNOZ and Officers DOES 1 Through 10, Inclusive]**

Plaintiff re-alleges and incorporate each and every allegation of each and every paragraph above as though fully set forth herein.

Defendant SERGEANT MUNOZ and defendants DOES 1 through 10, acting under color

Plaintiff's Complaint                                6

of state law and in concert with each other, illegally searched and permitted the illegal search without objection of the private and solely controlled bedroom of Ms. PORTER. Defendants, SERGEANT MUNOZ and DOES 1 through 10 had no legal justification for intentionally searching the private bedroom of MS. PORTER.

The illegal search by Defendant SERGEANT MUNOZ and defendants DOES 1 through 10, acting under color of state law brought about the constitutional deprivation and emotional distress of Ms. PORTER. The illegal search was improper, unjustified and unreasonable because at the time of the search, Ms. PORTER was not being arrested, Ms. PORTER gave no consent and Ms. PORTER clearly informed officers which bedroom belonged to Cairo.

Defendants SERGEANT MUNOZ and DOES 1 through 10 acted in reckless and callous disregard for the constitutional rights of PLAINTIFF. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

The illegal search causing the constitutional deprivation and emotional distress of Ms. PORTER legally, proximately, foreseeably and actually caused PLAINTIFF to directly be a "party injured" by the constitutional violations to Ms. PORTER within the meaning of section 1983.

The illegal and unreasonable search causing the constitutional deprivation and emotional distress of Ms. PORTER legally, proximately, foreseeably and actually caused PLAINTIFF to suffer damages according to proof at the time of trial. Those damages are both economic and non-economic and include emotional distress and pain and suffering. Plaintiff is also entitled to attorney fees and costs of suit herein pursuant Title 42, section 1983, et seq. of the United States Code.

### THIRD CAUSE OF ACTION

**[Negligence Claim for Bodily Injury Provide by § 815.2 of the California Government Code; Government Tort Claims Act]**

PLAINTIFF re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein.

Defendant CITY OF DAVIS is, and at all times mentioned herein was, a municipal

Plaintiff's Complaint                                                    7

corporation, duly organized and existing under the laws of the State of California and situated in the Count of Yolo.

At all times mentioned herein, defendant SERGEANT MUNOZ was a employee of Defendant, CITY OF DAVIS, working for the DAVIS POLICE DEPARTMENT, and in doing the acts hereinafter described, acted within the course and scope of his employment.

On or about February 26, 2016, PLAINTIFF was at her home in Davis, California.

At such time and place, defendants SERGEANT MUNOZ along with DOES 1 through 10 entered into the home of PLAINTIFF to conduct a probationary search. During the search, SERGEANT MUNOZ grabbed and pulled on Ms. PORTER's shoulder. Ms. PORTER was not the subject of the search and was not posing a threat to the safety of the officers or to the public. The officers gave no verbal warning or instruction prior to the physical contact.

As a proximate result of the offensive and harmful touching of defendant SERGEANT MUNOZ, the grabbing and tugging on PLAINTIFF's left shoulder, caused plaintiff the injuries described hereinafter.

As a proximate result of the offensive and harmful touching of SERGEANT MUNOZ, plaintiff was hurt and injured in her health, strength, and activity, sustaining injury to her body and shock and injury to her nervous system and person, all of which injuries have caused, and continue to cause, PLAINTIFF great mental, physical and nervous pain and suffering. Plaintiff is informed and believes and thereon alleges that such injuries will result in some permanent disability to her. As a result of such injuries, plaintiff has suffered general damages.

As a further proximate result of the offensive and harmful touching of SERGESNT MUNOZ, plaintiff has incurred, and will continue to incur, medical and related expenses.

As a further proximate result of the offensive and harmful touching of SERGEANT MUNOZ, PLAINTIFF's earning capacity has been greatly impaired, both in the past and at present.

On or about February 26, 2016, PLAINTIFF presented to City of Davis Manager's Office by personal delivery a claim to the city manager for the injuries, disability, losses, and damages suffered and incurred by her by reason of the above-described occurrence, all in compliance with

Plaintiff's Complaint                                        8

the requirements of Government Code Section 905. A copy of the claim is attached hereto as Exhibit A and made a part hereof.

On or about May 31, 2016, Yolo County Public Agency Risk Management Insurance Authority rejected the claim in its entirety and the claim was thus deemed rejected, under the provisions of Government Code Section 912.4, at the expiration of the 45-day period, to wit, on April 11, 2016.

**FOURTH CAUSE OF ACTION**

**[Negligence Claim for Conducting an Illegal Search Provide by § 815.2 of the California Government Code; Government Tort Claims Act]**

PLAINTIFF re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein.

At all times mentioned herein, defendants SERGEANT MUNOZ and DOES 1 through 10 were employees of Defendant, CITY OF DAVIS, working for the DAVIS POLICE DEPARTMENT, and in doing the acts hereinafter described, acted within the course and scope of their employment.

Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is negligently responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries as herein alleged were proximately caused by that negligence.

Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the defendants sued herein as DOES 1 through 10 inclusive, was the agent and employee of CITY OF DAVIS POLICE DEPARTMENT and CITY OF DAVIS and was at all times acting within the purpose and scope of such agency and employment.

As a proximate result of the illegal search conducted by defendants SERGEANT MUNOZ and DOES 1 through 10, the deprivation of PLAINTIFF's constitutional rights and privacy caused plaintiff the injuries described hereinafter.

Plaintiff's Complaint                                    9

As a proximate result of the illegal search by SERGEANT MUNOZ and DOES 1 through 10, PLAINTIFF was hurt and injured in her health, strength, and activity, sustaining injury to her nervous system and person, all of which injuries have caused, and continue to cause, PLAINTIFF great mental and nervous pain and suffering. Plaintiff is informed and believes and thereon alleges that such injuries will result in some permanent disability to her. As a result of such injuries, plaintiff has suffered general damages.

## FIFTH CAUSE OF ACTION

**[Negligent Infliction of Emotional Distress]**

PLAINTIFF re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein.

Defendants SERGEANT MUNOZ and DOES 1-10 are sworn peace officers working for the CITY OF DAVIS POLICE DEPARTMENT.  They are responsible with enforcing the laws of the State of California and the City of Davis Code. They have sworn to uphold both the constitutions of the United States and the State of California. They service 66,000 residents of the City of Davis, thus personal and constant interactions with members of the Davis community is a mandatory function of the job. At times their duties consist of performing probation searches, therefore officers are given training on how to conduct probation searches. Officers are taught how to conduct lawful probation searchers.

SERGEANT MUNOZ and DOES 1 through 10 knew, or should have known, that there failure to exercise due care while conducting the probation search on Ms. PORTER's home on February 26, 2016 would cause PLAINTIFF severe emotional distress.

SERGEANT MUNOZ AND DOES 1 through 10 set out to conduct a probation search on Cairo. They were aware that only Cairo was on probation and therefore only had consent to search the areas of the home for which Cairo had joint control or sole control. While in the home, officer failed to adhere to well-established law and practice. Even over the verbal objection of Ms. PORTER, officers still searched the private bedroom of Ms. PORTER and her other minor child. Furthermore, SERGEANT MONOZ had previous knowledge from previous searches of Ms. PORTER'S residence to which rooms belonged to whom.

Plaintiff's Complaint                    10

As a proximate result of SERGEANT MUNOZ and DOES 1 through 10 acts of ignoring well established law and police practices, Ms. PORTER experience severe emotion distress which was displayed in the form of an anxiety attack during the incident and has also caused Ms. PORTER to be unable to sleep and to have great fear of the Davis Police force.

As a further proximate result of defendant's illegal search and the consequences proximately caused by it, as hereinabove alleged, PLAINTIFF suffered severe emotional distress and mental suffering, all to her damage.

## SIXTH CAUSE OF ACTION

**[Intentional Infliction of Emotional Distress]**

PLAINTIFF re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein.

On or about February 26, 2016, Defendants did illegally conduct a probation search on Ms. PORTER's residence. SERGEANT MUNOZ and Officer Does 1-10; did search the private and solely controlled room and effects of Ms. PORTER. Such law enforcement conduct occurred over the objections of Ms. PORTER.

Defendant SERGEANT MUNOZ and Defendant officers DOES 1-10 intended to disturb Ms. PORTER's and violate her rights in the guise of conducting a probation search. Officers admitted to be searching for an individual who doesn't live at Ms. PORTER's residence, never lived at Ms. PORTER's residence and had no credible information that the individual would be at Ms. PORTER's residence. Furthermore, the fact that Cairo was the subject of the probation search and yet wasn't personally searched highlights the true intent of the officers.

As the proximate result of the acts alleged above, Ms. PORTER suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body as follows: suffering anxiety attacks, dementia, and high blood pressure.

As a further proximate result of the acts alleged above, plaintiff was required to and did employ physicians to examine, treat, and care for plaintiff, and incurred additional medical expenses for hospital bills and other incidental medical expenses. Plaintiff is informed and believes and thereon alleges that plaintiff will incur some additional medical expenses, the exact

amount of which is unknown.

The acts of defendants alleged above were willful, wanton, malicious, and oppressive, and justify the awarding of punitive damages.

**PRAYER**

**WHEREFORE,** PLAINTIFF prays for judgment as follows:

1.  For general damages according to proof at trial;

2.  For interest on all economic damages in the legal amount from February 26, 2016.

3.  For loss of earning according to proof at trial;

4.  For an award of compensatory damages according to proof at trial;

5.  For an award of punitive damages;

6.  For attorney's fees, court cost, investigative costs and other expenses incurred in pursuit of this complaint;

DEMAND FOR JURY TRIAL

7.  Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury of the issues so triable herein.

DATED: July 22, 2016                    LAW OFFICE OF KELLAN PATTERSON

By: _____ /s/ Kellan S Patterson _____ ,
                                        Kellan Patterson
                                        Attorney for Plaintiff LASONJA PORTER

Plaintiff's Complaint                    12