1              IN THE UNITED STATES DISTRICT COURT
2
3              EASTERN DISTRICT OF CALIFORNIA
4
5    LASONJA PORTER,              )      2:16-CV-01702 LEK
6                                 )
7              Plaintiff,         )
8                                 )
9         vs.                     )
10                                )
11   SERGEANT MUNOZ in his        )
12   individual capacity, DOES 1- )
13   10 in their individual       )
14   capacities, CITY OF DAVIS    )
15   POLICE DEPARTMENT, CITY OF    )
16   DAVIS,                       )
17                                )
18             Defendants.        )
19   _____ )

20
21            **ORDER GRANTING IN PART AND DENYING IN PART**
22            **DEFENDANTS' MOTION TO DISMISS AND TO STRIKE**
23
24            On October 14, 2016, Defendants Sergeant Munoz and the

25   City of Davis[1] ("the City," collectively "Defendants") filed

26   their Motion to Dismiss and to Strike ("Motion").  [Dkt. no. 7.]

27   Plaintiff Lasonja Porter ("Plaintiff") filed her memorandum in

28   opposition on October 28, 2016, and Defendants filed their reply

29   on November 10, 2016.  [Dkt. nos. 9, 11.]  The Court finds this

30   matter suitable for disposition without a hearing pursuant to

31   L.R. 230(g) of the Local Rules of the United States District

32   Court for the Eastern District of California ("Local Rules").

33   After careful consideration of the Motion, supporting and

_____

34        [1] Sergeant Munoz is named in his individual capacity, and
35   the City is also named as the City of Davis Police Department.
36   [Pltf.'s Complaint for Damages ("Complaint"), filed 7/22/16 (dkt.
37   no. 1), at 2-3.]

1    opposing memoranda, and the relevant legal authority, Defendants'

2    Motion is HEREBY GRANTED IN PART AND DENIED IN PART for the

3    reasons set forth below.  The Motion is GRANTED in all respects,

4    except that this Court DENIES Defendants' request that the

5    dismissal of Count IV be with prejudice.

6                          **BACKGROUND**

7          The instant case arises from a probation search that

8    Sergeant Munoz – who Plaintiff had two traumatic previous

9    encounters with – and several other police officers executed at

10   her apartment on February 26, 2016.  Her son Cairo was on

11   probation at the time, but only probation officers had conducted

12   his previous probation searches.  According to the Complaint,

13   Plaintiff informed the police officers that her shoulder was very

14   tender because of an injury and that her mobility was limited.

15   After Sergeant Munoz and other officers entered the apartment,

16   Plaintiff attempted to go to her bedroom to retrieve her high

17   blood pressure medication because she was feeling overwhelmed by

18   the incident.  [Complaint at 3-4.]  As she was heading to her

19   bedroom, Sergeant Munoz "grabbed and tugged on her injured left

20   shoulder," causing her to suffer unbearable pain and extreme

21   anxiety.  [Id. at 4.]

22         Sergeant Munoz asked Plaintiff where Cairo was, and she

23   responded that he was not at home.  He then asked her which room

24   was Cairo's.  Although Plaintiff identified Cairo's bedroom,

                                  2

1    Sergeant Munoz searched the other bedrooms over Plaintiff's

2    objection before finally searching Cairo's bedroom.  While

3    Sergeant Munoz and other officers were searching Cairo's room,

4    Cairo and his grandmother returned home.  Officer Munoz abandoned

5    the search of Cairo's room to confront Cairo.  He told Cairo that

6    they were looking for a person named Julio.  Cairo said that he

7    had not seen Julio in years because the terms of his probation

8    prohibited such contact.  Sergeant Munoz and the other officers

9    then left the apartment.  Cairo was never restrained while the

10   officers were there, nor did the officers search him.  Plaintiff

11   states that the officers did not offer her medical assistance or

12   attempt to obtain medical assistance for her before they left.

13   Plaintiff promptly sought medical attention for her left

14   shoulder.  [Id. at 4-5.]

15        The Complaint alleges the following claims: a 42 U.S.C.

16   § 1983 claim against Sergeant Munoz alleging that his

17   unreasonable use of force violated Plaintiff's Fourteenth

18   Amendment right to substantive due process ("Count I"); a § 1983

19   claim against Sergeant Munoz alleging that the unreasonable

20   search violated Plaintiff's Fourth Amendment and Fourteenth

21   Amendment rights ("Count II"); a negligence claim against

22   Defendants based on bodily injury, pursuant to California

23   Government Code § 815.2 ("Count III"); a negligence claim against

24   Defendants based on the illegal search, pursuant to § 815.2

1    ("Count IV"); a negligent infliction of emotional distress

2    ("NIED") claim against Sergeant Munoz ("Count V"); and an

3    intentional infliction of emotional distress ("IIED") claim

4    against Sergeant Munoz ("Count VI").  The Complaint seeks the

5    following relief: general, compensatory, and punitive damages;

6    interest on economic damages; lost earnings; and attorney's fees

7    and costs.

8         In the instant Motion, Defendants ask this Court to

9    dismiss Counts I, III, IV, and V pursuant to Fed. R. Civ. P.

10   12(b)(6) and to strike the references to the Fourteenth Amendment

11   in Count II pursuant to Fed. R. Civ. P. 12(f).  This Court does

12   not construe the Motion as seeking either the dismissal of the

13   portion of Count II based on the Fourth Amendment or the

14   dismissal of Count VI.

15                              **DISCUSSION**

16   **I.    Counts I and II**

17        Defendants argue that Count I fails to state a claim

18   upon which relief can be granted because an excessive force claim

19   must be brought pursuant to the Fourth Amendment, not the

20   Fourteenth Amendment.  Similarly, Defendants argue that this

21   Court should strike the allegations regarding the Fourteenth

22   Amendment in Count II because an unreasonable search claim is

23   properly analyzed under the Fourth Amendment.  Plaintiff

24   essentially concedes these arguments, but she argues that this

1  Court should grant her leave to amend to correct the deficiencies

2  in Counts I and II.  [Mem. in Opp. at 4.]  This Court agrees that

3  Plaintiff is entitled to the opportunity to cure the defects in

4  these claims by amendment.  See Rodriquez v. Brown,

5  1:15-cv-01754-LJO-EPG-PC, 2016 WL 6494705, at *3 (E.D. Cal.

6  Nov. 1, 2016) ("Whether dismissal is with or without prejudice

7  will depend upon whether it is possible for Plaintiff to cure any

8  defects." (citing Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097,

9  1107–08 (9th Cir. 2003) (collecting cases))), *report and*

10 *recommendation adopted*, 2016 WL 7104173 (E.D. Cal. Dec. 6, 2016).

11        This Court therefore GRANTS Defendants' Motion insofar

12 as this Court DISMISSES Count I WITHOUT PREJUDICE and STRIKES the

13 portion of Count II based on the Fourteenth Amendment.

14 **II.  Count III**

15        Defendants argue that: Plaintiff has not pled

16 sufficient allegations to support her negligence claim based on

17 bodily injury; and the factual allegations of Count III appear to

18 state a battery claim instead of a negligence claim.  This

19 district court has stated:

20        "Under California law, '[t]he elements of
21        negligence are: (1) defendant's obligation to
22        conform to a certain standard of conduct for the
23        protection of others against unreasonable risks
24        (duty); (2) failure to conform to that standard
25        (breach of duty); (3) a reasonably close
26        connection between the defendant's conduct and
27        resulting injuries (proximate cause); and
28        (4) actual loss (damages).'"  Corales v. Bennett,
29        567 F.3d 554, 572 (9th Cir. 2009) (quoting McGarry

1                  v. Sax, 158 Cal. App. 4th 983, 994, 70 Cal. Rptr.

2                  3d 519 (2008) (internal quotations omitted)).

3

4   Stoops v. Sherman, Case No. 1:16-cv-01026-AWI-SAB(PC), 2017 WL

5   56666, at *4 (E.D. Cal. Jan. 4, 2017).  Count III alleges that:

6                As a proximate result of the offensive and

7             harmful touching of SERGEANT MUNOZ, plaintiff was

8             hurt and injured in her health, strength, and

9             activity, sustaining injury to her body and shock

10            and injury to her nervous system and person, all

11            of which injuries have caused, and continue to

12            cause, PLAINTIFF great mental, physical and

13            nervous pain and suffering. Plaintiff is informed

14            and believes and thereon alleges that such

15            injuries will result in some permanent disability

16            to her.  As a result of such injuries, plaintiff

17            has suffered general damages.

18

19   [Complaint at 8 (emphases in original).]  Plaintiff also alleges

20   that she has incurred, and will continue to incur, medical

21   expenses and other related expenses, and that her earning

22   capacity has been impaired.  Thus, Plaintiff has pled proximate

23   cause and damages.

24         However, Plaintiff has not sufficiently pled duty and

25   breach of duty.  The Complaint alleges that Sergeant Munoz

26   grabbed her injured shoulder even though she "was not the subject

27   of the search and was not posing a threat to the safety of the

28   officers or to the public," and that he and the other officers

29   "gave no verbal warning or instruction prior to the physical

30   contact."  [Id.]  These allegations are not sufficient to pled

31   that Sergeant Munoz owed Plaintiff a duty of care during the

32   execution of the probation search and that he breached the duty.

1    Further, Count III does not identify the basis for the City's

2    liability, except to allege that Sergeant Munoz "acted within the

3    course and scope of his employment."  [Id.]

4            This Court also agrees with Defendants that, although

5    Plaintiff titled Count III as a negligence claim, Count III's

6    factual allegations may be more consistent with a battery claim.

7    This district court has stated:

8            A civil battery is "an offensive and
9            intentional touching without the victim's
10           consent."  Kaplan v. Mamelak, 162 Cal. App.4th
11           637, 645, 75 Cal. Rptr. 3d 861 (2008).  The
12           elements of a civil battery under California law
13           are: (1) defendant touched plaintiff, or caused
14           plaintiff to be touched, with the intent to harm
15           or offend plaintiff; (2) plaintiff did not consent
16           to the touching; (3) plaintiff was harmed or
17           offended by defendant's conduct; and (4) a
18           reasonable person in plaintiff's position would
19           have been offended by the touching.  So v. Shin,
20           212 Cal. App. 4th 652, 669, 151 Cal. Rptr. 3d 257
21           (2013).
22
23   Robles v. Agreserves, Inc., 158 F. Supp. 3d 952, 985 (E.D. Cal.

24   2016) (some citations omitted).

25           For these reasons, this Court CONCLUDES that Count III

26   fails to state a plausible negligence claim against Defendants.

27   See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a

28   motion to dismiss, a complaint must contain sufficient factual

29   matter, accepted as true, to 'state a claim to relief that is

30   plausible on its face.'" (quoting Bell Atl. Corp. v. Twombly, 550

31   U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))).  This

32   Court therefore GRANTS Defendants' Motion insofar as this Court

7

1    DISMISSES Count III.  The dismissal is WITHOUT PREJUDICE because

2    this Court CONCLUDES that is possible for Plaintiff to cure the

3    defects in Count III by amendment.

4    **III. <u>Count IV</u>**

5            Similar to Count III, Count IV fails to plead duty and

6    breach of duty.  This Court therefore CONCLUDES that Count IV

7    fails to state a plausible negligence claim against Defendants.

8            Defendants argue that this Court should dismiss

9    Count IV with prejudice because the claim essentially alleges

10   that Sergeant Munoz negligently violated Plaintiff's Fourth

11   Amendment right to be free from unreasonable searches, and "[i]t

12   is well-established that negligent acts do not incur

13   constitutional liability."  [Reply at 3 (citing <u>Billington v.</u>

14   <u>Smith</u>, 292 F.3d 1177, 1190 (9th Cir. 2002); <u>Daniels v. Williams</u>,

15   474 U.S. 327, 328 (1986)).]  This Court disagrees with

16   Defendants' characterization of Count IV.  This Court construes

17   Count IV as attempting to state an alternate theory of liability

18   regarding the allegedly illegal search, *i.e.*, even if Sergeant

19   Munoz's actions did not rise to the level of a constitutional

20   violation, they were negligent.  This Court therefore rejects

21   Defendants' argument that Plaintiff cannot cure the defects in

22   Count IV by amendment.

23           Defendants' Motion is GRANTED IN PART AND DENIED IN

24   PART as to Count IV.  The Motion is GRANTED insofar as Count IV

1    is DISMISSED, and the Motion is DENIED insofar as the dismissal

2    of Count IV is WITHOUT PREJUDICE.

3    **IV.   <u>Count V</u>**

4          Defendants allege that Plaintiff's NIED claim fails to

5    state a plausible claim for relief because: 1) the Complaint does

6    not plead sufficient facts to support a NIED claim; 2) even if

7    Plaintiff has sufficient facts to support an NIED claim against

8    Sergeant Munoz, she has not pled the basis for the City's

9    liability; and 3) Plaintiff's NIED claim is redundant of her

10   negligence claims because she alleges that she suffered physical

11   injury and seeks emotional distress damages as parasitic damages.

12   This Court agrees with Defendants' third argument, and therefore

13   does not need to address Defendants' first and second arguments.

14   This district court has stated:

15          [T]here is no independent tort of negligent
16          infliction of emotional distress under California
17          law. (<u>Burgess v. Superior Court</u>, 2 Cal. 4th 1064,
18          1072 (1992) ("We have repeatedly recognized that
19          '[t]he negligent causing of emotional distress is
20          not an independent tort, but the tort of
21          negligence.'") (quoting <u>Marlene F. v. Affiliated</u>
22          <u>Psychiatric Medical Clinic, Inc.</u>, 48 Cal. 3d 583,
23          588 (1989))).  Negligent infliction of emotional
24          distress is instead a subset of negligence that
25          extends the ability to recover damages to indirect
26          victims who, while not suffering physical injury
27          as the result of a tortfeasor's acts, nonetheless
28          suffer severe emotional distress.  <u>See, e.g.</u>,
29          <u>Dillon v. Legg</u>, 68 Cal. 2d 728, 747–48 (1968)
30          (allowing mother to pursue damages for emotional
31          trauma resulting from witnessing the death of her
32          child).  However, **when emotional distress**
33          **accompanies physical injury, negligent infliction**
34          **of emotional distress is not the appropriate cause**

1          **of action for seeking recovery of the resulting**
2          **damages.  Rather, when a plaintiff is physically**
3          **injured and suffers emotional distress as a**
4          **result, damages stemming from the emotional**
5          **distress are treated as a "parasitic item" to be**
6          **recovered through a claim of ordinary negligence.**
7          Thing v. La Chusa, 48 Cal. 3d 644, 651 (1989); see
8          also Summers v. Delta Airlines, Inc., 805 F. Supp.
9          2d 874, 887 (N.D. Cal. 2011) ("Under California
10         law, it is well-settled that in ordinary
11         negligence actions for physical injury, recovery
12         for emotional distress caused by that injury is
13         available as an item of parasitic damages.")
14         (quotation omitted).

15

16 Morse v. Cty. of Merced, No. 1:16-cv-00142-DAD-SKO, 2016 WL

17 3254034, at *12 (E.D. Cal. June 13, 2016) (some alterations in

18 Morse) (emphasis added).

19      Because Plaintiff asserts that she suffered physical

20 injury and emotional distress as a result of the allegedly

21 negligent conduct in this case, this Court CONCLUDES that

22 Plaintiff's independent NIED claim fails to state a plausible

23 claim for relief.  Instead of asserting a separate NIED claim,

24 Plaintiff must seek her damages for emotional distress as a

25 component of her damages in her negligence claims.  Thus, it is

26 not possible for Plaintiff to cure the defect in her independent

27 NIED claim.  This Court GRANTS Defendants' Motion and DISMISSES

28 Count V WITH PREJUDICE.  This Court emphasizes that the dismissal

29 is with prejudice insofar as Plaintiff cannot include an

30 independent NIED claim in her amended complaint, but without

31 //

1  prejudice to the inclusion of a request for emotional distress

2  damages as part of her negligence claims.

3                              **CONCLUSION**

4          On the basis of the foregoing, Defendants' Motion to

5  Dismiss and to Strike, filed October 14, 2016, is HEREBY GRANTED

6  IN PART AND DENIED IN PART.  The Motion is GRANTED insofar as:

7  Counts I and III are HEREBY DISMISSED WITHOUT PREJUDICE; the

8  allegations regarding the Fourteenth Amendment in Count II are

9  HEREBY STRICKEN; Count IV is HEREBY DISMISSED; and Count V is

10  HEREBY DISMISSED WITH PREJUDICE.  The Motion is DENIED as to

11  Defendants' request to dismiss Count IV with prejudice.  The

12  dismissal of Count IV is WITHOUT PREJUDICE.

13          The Court GRANTS Plaintiff leave to file an amended

14  complaint by **March 21, 2017**.  If Plaintiff fails to file an

15  amended complaint by **March 21, 2017**, this case will proceed on

16  the remaining portions of the original Complaint – the portion of

17  Count II based on the Fourth Amendment and Count VI.

18          IT IS SO ORDERED.

19          DATED AT HONOLULU, HAWAII, January 20, 2017.

20
21
22
23                          /s/ Leslie E. Kobayashi
24                          Leslie E. Kobayashi
25                          United States District Judge
26
27
28
29  **LASONJA PORTER VS. SERGEANT MUNOZ, ETC., ET AL; 2:16-CV-01702 LEK**