```
                IN THE UNITED STATES DISTRICT COURT

                  EASTERN DISTRICT OF CALIFORNIA

LASONJA PORTER,              )    2:16-CV-01702 LEK
                             )
         Plaintiff,          )
                             )
    vs.                      )
                             )
SERGEANT MUNOZ in his        )
individual capacity, DOES 1- )
10 in their individual       )
capacities, CITY OF DAVIS    )
POLICE DEPARTMENT, CITY OF   )
DAVIS,                       )
                             )
         Defendants.         )
                             )
```

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO DISMISS AND TO STRIKE FIRST AMENDED COMPLAINT**

On February 23, 2017, Defendants Sergeant Munoz and the City of Davis[1] ("the City," collectively "Defendants") filed their Motion to Dismiss and to Strike First Amended Complaint ("Motion"). [Dkt. no. 15.] Plaintiff Lasonja Porter ("Plaintiff") filed her memorandum in opposition on March 8, 2017, and Defendants filed their reply on March 16, 2017. [Dkt. nos. 16, 18.] The Court finds this matter suitable for disposition without a hearing pursuant to L.R. 230(g) of the Local Rules of the United States District Court for the Eastern District of California ("Local Rules"). Defendants' Motion is

---

[1] Sergeant Munoz is named in his individual capacity, and the City is also named as the City of Davis Police Department. [Pltf.'s First Amended Complaint for Damages ("Amended Complaint"), filed 2/6/17 (dkt. no. 14), at 1.]

hereby granted in part and denied in part for the reasons set forth below.

**BACKGROUND**

Plaintiff filed her original Complaint for Damages ("Complaint") on July 22, 2016. [Dkt. no. 1.] The Complaint alleged the following claims: a 42 U.S.C. § 1983 claim against Sergeant Munoz alleging that his unreasonable use of force violated Plaintiff's Fourteenth Amendment right to substantive due process ("Count I"); a § 1983 claim against Sergeant Munoz alleging that the unreasonable search violated Plaintiff's Fourth Amendment and Fourteenth Amendment rights ("Count II"); a negligence claim against Defendants based on bodily injury, pursuant to California Government Code § 815.2 ("Count III"); a negligence claim against Defendants based on the illegal search, pursuant to § 815.2 ("Count IV"); a negligent infliction of emotional distress ("NIED") claim against Sergeant Munoz ("Count V"); and an intentional infliction of emotional distress ("IIED") claim against Sergeant Munoz ("Count VI").

On October 14, 2016, Defendants filed a motion to dismiss the Complaint and, on January 23, 2017, this Court issued the Order Granting in Part and Denying in Part Defendants' Motion to Dismiss and to Strike ("1/23/17 Order"). [Dkt. nos. 7, 13.[2]] This Court: dismissed Count I without prejudice and struck the

---

[2] The 1/23/17 Order is also available at 2017 WL 282591.

portion of Count II based on the Fourteenth Amendment because an excessive force claim must be brought pursuant to the Fourth Amendment, not the Fourteenth Amendment; dismissed Count III without prejudice because Plaintiff failed to plead duty and breach of duty and because Count III's factual allegations were more consistent with a battery claim; dismissed Count IV without prejudice because Plaintiff failed to plead duty and breach of duty; and dismissed Count V with prejudice because there is no independent NIED claim under California law.

Plaintiff filed the Amended Complaint on February 6, 2017. The factual allegations in the Amended Complaint are the same as the original Complaint's factual allegations, which are summarized in the 1/23/17 Order. This Court therefore will not repeat them here. The Amended Complaint alleges the following claims: a § 1983 claim against Sergeant Munoz alleging that his unreasonable use of force violated Plaintiff's Fourteenth Amendment right to substantive due process ("Amended Count I"); a § 1983 claim against Sergeant Munoz alleging that the unreasonable search violated Plaintiff's Fourth Amendment rights ("Amended Count II"); a claim under the Tom Bane Civil Rights Act, California Civil Code § 52.1, against Defendants ("Amended Count III"); a negligence claim against Defendants based on the allegedly illegal search, pursuant to California Government Code § 815.2 ("Amended Count IV"); an IIED claim against Sergeant

Munoz ("Amended Count V"); and a battery claim against Defendants ("Amended Count VI").

In the instant Motion, Defendants seek to have: the references to the Fourteenth Amendment in Amended Count I stricken; and Amended Counts III and IV dismissed. This Court does not construe the Motion as seeking either the dismissal of Amended Count I or the dismissal of Amended Counts II, V, or VI.

**DISCUSSION**

**I. Amended Count I**

In spite of the 1/23/17 Order, Plaintiff continues to base Amended Count I on the Fourteenth Amendment instead of the Fourth Amendment. Defendants argue that this Court should strike the references to the Fourteenth Amendment in Amended Count I and "construe that claim as a Fourth Amendment Excessive Force claim." [Mem. in Supp. of Motion at 4.] Fed. R. Civ. P. 12(f) states, in pertinent part: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." This Court agrees that Amended Count I's references to the Fourteenth Amendment are immaterial to the claim, which – when read in context with the Amended Complaint as a whole – is clearly based on the Fourth Amendment. Defendants' Motion is granted insofar as the references to the Fourteenth Amendment in Amended Count I are stricken, and Amended Count I is construed as a § 1983 claim

based on the alleged violation of Plaintiff's Fourth Amendment rights.

## II. **Amended Count III**

Amended Count III alleges that Munoz – and the City through *respondeat superior* – violated California Civil Code § 52.1, which is known as the Bane Act.

> The Bane Act provides "a state law remedy for constitutional or statutory violations accomplished through intimidation, coercion, or threats." Davis v. City of San Jose, 69 F. Supp. 3d 1001, 1007 (N.D. Cal. 2014). The Bane Act requires an "an [sic] attempted or completed act of interference with a legal right, accompanied by a form of coercion." Austin B. v. Escondido Union Sch. Dist., 149 Cal. App. 4th 860, 882 (2007) (quoting Jones v. Kmart Corp., 17 Cal. 4th 329, 338 (1998)). To state a claim under the Bane Act, the plaintiff need not plead that "the defendant acted with discriminatory animus or intent; a defendant is liable if he or she interfered with the plaintiff's constitutional rights by the requisite threats, intimidation, or coercion." Austin B [sic], 149 Cal. App. 4th at 882.

Johnson v. City of Atwater, Case No. 1:16-cv-01636-AWI-SAB, 2017 WL 1383283, at *12 (E.D. Cal. Apr. 18, 2017), *report and recommendation adopted*, 2017 WL 1742897 (May 4, 2017). "[A] plaintiff in a search-and-seizure case must allege threats or coercion beyond the coercion inherent in a detention or search in order to recover under the Bane Act." Lyall v. City of Los Angeles, 807 F.3d 1178, 1196 (9th Cir. 2015) (some citations omitted) (citing Allen v. City of Sacramento, 234 Cal. App. 4th 41, 183 Cal. Rptr. 3d 654, 678 (2015) ("[A] wrongful arrest or

detention, without more, does not satisfy both elements of [the Bane Act]."); Quezada v. City of L.A., 222 Cal. App. 4th 993, 166 Cal. Rptr. 3d 479, 491 (2014) ("The coercion inherent in detention is insufficient to show a Bane Act violation.")). This district court has recognized that "at the pleading stage, the relevant distinction for purposes of the Bane Act is between intentional and unintentional conduct." Sanchez v. City of Fresno, No. 1:12-CV-00428-LJO-SKO, 2013 WL 2100560, at *11 (E.D. Cal. May 14, 2013) (citing Bass v. City of Fremont, 2013 WL 891090 (N.D. Cal. Mar. 8, 2013)).

Amended Count IV alleges that she "attempted to invoke her constitutional rights by denying defendant Munoz consent to search her private room and personal property," but Sergeant Munoz prevented her from doing so "by restricting her movement to the living room portion of her house." [Amended Complaint at 8.] Plaintiff alleges that he did so by "grab[bing] and tug[ging] on her shoulder." [Id.] According to Plaintiff, prior to the incident, she had informed the officers about her previous shoulder injury. Sergeant Munoz's action caused Plaintiff "unbearable" pain and "plac[ed] her in to an extreme state of anxiety." [Id. at 4-5.]

Plaintiff's factual allegations, which are presumed to be true, sufficiently state a plausible Bane Act claim. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 572 (2007) ("a judge

ruling on a defendant's motion to dismiss a complaint must accept as true all of the factual allegations contained in the complaint" (citations and internal quotation marks omitted)); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Twombly, 550 U.S. at 570, 127 S. Ct. 1955)).

Although Amended Count III alleges that Sergeant Munoz grabbed and tugged Plaintiff's shoulder to prevent her from refusing to consent to parts of the search, the Amended Complaint also alleges that, when he grabbed her shoulder, she was on her way to her bedroom to retrieve her blood pressure medication. Afterward, Sergeant asked Plaintiff where Cairo was and which room was his. [Amended Complaint at 4-5.] The apparent inconsistency between the factual allegations about the incident may raise credibility issues. However, credibility determinations are beyond the scope of a motion to dismiss. Ransom v. McCabe, No. 1:13cv01779 AWI DLB PC, 2015 WL 5159412, at *3 (E.D. Cal. Sept. 2, 2015) (citing Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014)), *report and recommendation adopted*, 2015 WL 6438150 (Oct. 22, 2015). This Court therefore denies Defendants' request to dismiss Amended Count III.

**III. Amended Count IV**

In the 1/23/17 Order, this Court dismissed Count IV because Plaintiff did not plead duty and breach of duty in the original Complaint. 2017 WL 282591, at *3. Defendants argued that Count IV should be dismissed with prejudice because it improperly alleged a negligent violation of Plaintiff's Fourth Amendment rights, and negligent acts cannot support a constitutional violation. This Court disagreed, construing Count IV as alleging an alternate theory that Sergeant Munoz's **actions** were negligent. Id. The 1/23/17 Order did not suggest that Plaintiff could state a plausible negligence claim by alleging a negligent violation of her Fourth Amendment rights.

Amended Count IV alleges that Sergeant Munoz had a duty to "follow the Law Enforcement Code of Ethics which mandates that as a law enforcement officer they will 'respect the Constitutional rights of all men to liberty, equality and justice,' obey all laws, and will never 'employ unnecessary force or violence' while performing their duties as a law enforcement agency." [Amended Complaint at 9.] Plaintiff further alleges that Sergeant Munoz "breached [his] duty to not violate the constitutional rights of citizens when [he] violated Plaintiff's constitutional rights to be free form unreasonable searches." [Id. (emphases omitted).]

Plaintiff's negligence claim in Amended Count IV essentially alleges that Sergeant Munoz breached his duty not to violate Plaintiff's Fourth Amendment rights. To the extent that Amended Count IV alleges that Sergeant Munoz's negligence violated Plaintiff's constitutional right, the claim fails to state a plausible claim because negligent acts do not give rise to constitutional liability. See Billington v. Smith, 292 F.3d 1177, 1190 (9th Cir. 2002) ("The Fourth Amendment's 'reasonableness' standard is not the same as the standard of 'reasonable care' under tort law, and negligent acts do not incur constitutional liability." (footnotes omitted)).[3] To the extent that Amended Count IV is based upon the same standard as a claim alleging a Fourth Amendment violation, it is duplicative of Amended Counts I and II. Amended Count IV must be dismissed for failure to state a claim upon which relief can be granted because of Plaintiff's failure to plead a duty and a breach of duty to support her negligence claim.

Because the 1/23/17 Order provided Plaintiff notice of this defect in her negligence claim and she was unable to cure the defect, this Court concludes that it is not possible for Plaintiff to cure the defect by further amendment of her complaint. See Rodriguez v. Brown, 1:15-cv-01754-LJO-EPG-PC,

---

[3] Billington was abrogated on other grounds by County of Los Angeles v. Mendez, 137 S. Ct. 1539 (2017).

2016 WL 6494705, at *3 (E.D. Cal. Nov. 1, 2016) ("Whether dismissal is with or without prejudice will depend upon whether it is possible for Plaintiff to cure any defects." (citing Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107-08 (9th Cir. 2003) (collecting cases))), *report and recommendation adopted*, 2016 WL 7104173 (E.D. Cal. Dec. 6, 2016). The dismissal of Amended Count IV must be with prejudice.

In light of this Court's ruling, it need not address Defendants' other arguments in support of their request to dismiss Amended Count IV.

**CONCLUSION**

On the basis of the foregoing, Defendants' Motion to Dismiss and to Strike First Amended Complaint, filed February 23, 2017, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED insofar as: the references to the Fourteenth Amendment in Amended Count I are STRICKEN; Amended Count I is construed as a 42 U.S.C. § 1983 claim based on the alleged violation of Plaintiff's Fourth Amendment rights; and Amended Count IV is HEREBY DISMISSED WITH PREJUDICE. The Motion is DENIED as to Amended Count III.

The Court ORDERS Defendants to file their answer to the remaining portions of Plaintiff's First Amended Complaint for Damages by **September 19, 2017.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 21, 2017.

/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**LASONJA PORTER VS. SERGEANT MUNOZ, ETC., ET AL; 2:16-CV-01702 LEK**