# MINUTES

CASE NUMBER: 2:16-cv-01702-LEK (USDC, Eastern District of California)

CASE NAME: Lasonja Porter vs. Sergeant Munoz, et al.

ATTYS FOR PLA:

ATTYS FOR DEFT:

INTERPRETER:

JUDGE: Leslie E. Kobayashi                REPORTER

DATE: 10/18/2018                           TIME:

COURT ACTION: EO: COURT ORDER RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On August 1, 2018, Defendants Sergeant Munoz, in his individual capacity, and the City of Davis, also named as the City of Davis Police Department ("the City," all collectively "Defendants"), filed their Motion for Summary Judgment ("Motion"). [Dkt. no. 34.] This Court has considered the Motion as a nonhearing matter, pursuant to Local Rule 230(g). The Court hereby informs the parties of its rulings on the Motion.

Plaintiff Lasonja Porter's ("Plaintiff") First Amended Complaint for Damages ("Amended Complaint"), [filed 2/6/17 (dkt. no. 14),] alleges the following claims: a 42 U.S.C. § 1983 claim against Sergeant Munoz alleging his unreasonable use of force violated Plaintiff's Fourteenth Amendment right to substantive due process ("Count I"); a § 1983 claim against Sergeant Munoz alleging his unreasonable search violated Plaintiff's Fourth Amendment rights ("Count II"); a claim under the Tom Bane Civil Rights Act, California Civil Code § 52.1 ("Bane Act"), against Defendants ("Count III"); a negligence claim against Defendants based on the allegedly illegal search, pursuant to California Government Code § 815.2 ("Count IV"); an intentional infliction of emotional distress ("IIED") claim against Sergeant Munoz ("Count V"); and a battery claim against Defendants ("Count VI"). Count IV has been dismissed with prejudice, and all references in Count I to the Fourteenth Amendment have been stricken. Thus, Count I is construed as alleging a § 1983 claim based upon an alleged violation of Plaintiff's Fourth Amendment rights. See Order Granting in Part and Denying in Part Defs.' Motion to Dismiss and to Strike First Amended Complaint, filed 8/22/17 (dkt. no. 20) ("8/22/17 Order"), at 10, *available at* 2017 WL 3601492.

This Court has reviewed the evidence in this case, in particular: 1) Sergeant

Munoz's declaration; [Motion, Evidence in Supp. of Defs.' Motion for Summary Judgment ("Motion Evidence"), Exh. 1 (Decl. of Michael Munoz in Supp. of Defs.' Motion for Summary Judgment ("Munoz Decl."));] 2) the video recording of the search of Plaintiff's residence that gave rise to Plaintiff's claims; [Munoz Decl., Exh. A;] 3) the terms and conditions of Cairo Jones's probation, which were in effect at the time of the search; [Munoz Decl., Exh. B;] and 4) Plaintiff's deposition testimony, [Motion Evidence, Exh. 2 (Decl. of Derick E. Konz in Supp. of Defs.' Motion for Summary Judgment ("Konz Decl.")), Exh. C].

This Court finds that there are no genuine issues of material fact and concludes that, as a matter of law, Sergeant Munoz's contact with Plaintiff's arm during the search was *de minimis*. See Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."); Anderson v. Smith, No. 1:06-CV-1795 OWW SMS, 2009 WL 2139311, at *17 (E.D. Cal. July 10, 2009) ("Where the amount of force used was *de minimis* in light of the asserted government interest, an excessive force claim may be invalid as a matter of law."). Sergeant Munoz is therefore entitled to summary judgment as to Count I.

Further, even viewing the record in the light most favorable to Plaintiff, see Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011), the search of the residence Plaintiff shared with Jones was reasonable under the totality of the circumstances. See Smith v. City of Santa Clara, 876 F.3d 987, 994 (9th Cir. 2017) ("the question is whether a warrantless probation search that affects the rights of a third party is reasonable under the totality of the circumstances" (citing United States v. Knights, 534 U.S. 112, 118-19, 122 S. Ct. 587 (2001))), *cert. denied sub nom.*, 138 S. Ct. 1563 (2018). Sergeant Munoz is therefore entitled to summary judgment as to Count II.

This Court also concludes that, because there was no interference with Plaintiff's constitutional rights, her Bane Act claim fails as a matter of law. See 8/22/17 Order, 2017 WL 3601492, at *2 ("'a defendant is liable if he or she interfered with the plaintiff's constitutional rights by the requisite threats, intimidation, or coercion'" (quoting Austin B. v. Escondido Union Sch. Dist., 149 Cal. App. 4th 860, 882 (2007))). Defendants are therefore entitled to summary judgment as to Count III.

To establish her IIED claim under California law, Plaintiff must prove, *inter alia*, "'extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress.'" See Ravel v. Hewlett-Packard Enter., Inc., 228 F. Supp. 3d 1086, 1099 (E.D. Cal. 2017) (quoting Hughes v. Pair, 46 Cal.4th 1035, 1050, 95 Cal. Rptr. 3d 636, 209 P.3d 963 (2009)). Although outrageousness is usually an issue of fact, the conduct that Plaintiff bases her IIED claim upon "is insufficiently outrageous to sustain such a claim as a matter of law." See Morse v. Cty. of Merced, No. 1:16-cv-00142-DAD-SKO, 2017 WL 2958733, at *18 (E.D. Cal. July 11, 2017) (some citations omitted) (citing Davidson v. City of Westminster, 32 Cal. 3d 197, 210 (1982); Yun Hee So v. Sook Ja Shin, 212 Cal. App. 4th 652, 672 (2013)). Sergeant Munoz is therefore entitled to summary judgment as to

Count V.

Finally, even viewing the record in the light most favorable to Plaintiff, her battery claim fails because there is no evidence that: Sergeant Munoz touched her "with the intent to harm or offend" her; and "a reasonable person in [P]laintiff's position would have been offended by the touching." See 8/22/17 Order, 2017 WL 3601492, at *3 (listing the elements of a civil battery claim (some citations omitted) (citing So v. Shin, 212 Cal. App. 4th 652, 669, 151 Cal. Rptr. 3d 257 (2013))). Defendants are therefore entitled to summary judgment as to Count VI.

In light of this Court's rulings, it is not necessary to address either Defendants' argument that Sergeant Munoz is entitled to immunity or Defendants' *respondeat superior* argument.

Defendants' Motion is GRANTED, and this Court GRANTS summary judgment in favor of Defendants as to all of Plaintiff's remaining claims. A written order will follow that will supersede these rulings. If Plaintiff intends to file a motion for reconsideration, she must wait until the written order is filed to do so.

IT IS SO ORDERED.

Submitted by: Warren N. Nakamura, Courtroom Manager